# SARAFA LAW LLC

Melinda Sarafa
msarafa@sarafalaw.com

111 Broadway, 14th Floor
New York, NY 10006
T: 212 616 3044
F: 212 616 3046
www.sarafalaw.com

May 11, 2007

**By ECF & U.S. Mail**

Honorable Theodore H. Katz
United States Magistrate Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:   *United States v. Vance Dawson IV*
              No. 07-M-482

Dear Judge Katz:

      I respectfully write on behalf of Vance Dawson IV, the defendant in the above-referenced criminal matter, to request an amendment of his conditions of release pursuant to 18 U.S.C. § 3142(c)(3). Specifically, I request that the recently-imposed condition requiring Mr. Dawson to "surrender his firearms to local authorities, provide proof of surrender and to refrain from possessing a firearm(s)" be amended to reflect the condition originally imposed by the Court in the Southern District of Texas, which required Mr. Dawson simply to "refrain from possessing a firearm, destructive device, or other dangerous weapons." (A copy of the Order Setting Conditions of Release in the Southern District of Texas is attached.) Assistant United States Attorney Peter Sobol, with whom I have conferred, has no objection to this request.

      As the Court is aware, Mr. Dawson was arrested in the Southern District of Texas on April 3, 2007, and made his initial appearance in that district the following day. At that time he was released on a $100,000 personal appearance bond. Among the standard conditions of release imposed was the aforementioned requirement that Mr. Dawson "refrain from possessing a firearm, destructive device, or other dangerous weapons." In compliance with this condition, Mr. Dawson removed his collection of firearms from his home and placed them in the custody of a family member. I personally spoke this afternoon with Mr. Dawson's Pretrial Services Officer in Corpus Christi, Texas, Eloy Rivas, who confirmed that he had visited Mr. Dawson's residence and was confident that the weapons had been removed in satisfaction of this condition. Officer Rivas has no objection to the firearms remaining in the custody of the family member. Indeed, Officer Rivas stated that, in his seven and one-half years with Pretrial Services, he has never encountered a requirement that firearms be surrendered to local authorities.

SARAFA LAW LLC ─────────────────────────────

Honorable Theodore H. Katz
May 11, 2007
Page 2


      Mr. Dawson's counsel in Corpus Christi, Paul Kratzig, discussed the matter with the local sheriff, who similarly indicated that, although he would comply with a court order to receive the firearms, he had never previously taken firearms into custody pursuant to a federal pretrial release order. In short, while refraining from the possession of firearms is a standard condition of release in the Southern District of Texas, surrender of firearms to local authorities is virtually unheard of and would be warranted only in exceptional circumstances.

      There are no circumstances in this case warranting such a requirement. Mr. Dawson is not charged with an offense involving firearms or violence, he has no criminal history, he has completed more than five weeks on pretrial release without incident, and there is no evidence that he might be inclined to visit harm upon himself or another with a firearm. Mr. Dawson has been utterly forthcoming and cooperative with Pretrial Services in both Texas and New York, having reported his firearms, removed them from his home, and complied with all other conditions of release.

      The requirement that Mr. Dawson surrender his firearms to local authorities creates a number of unnecessary logisitical difficulties. The physical transfer of the weapons, recording of serial numbers, and creation of an inventory would take considerable time and effort on the part of a family member who is not implicated in any way in the alleged offense. Local authorities, who are not accustomed to storing weapons under such circumstances, would have to accommodate the request, and may not be able to ensure that the firearms are returned in the same condition in which they arrived.

      In light of the above facts and circumstances, it is simply not necessary to impose upon Mr. Dawson – who has neither been indicted nor convicted of any offense – his family members, or local law enforcement authorities, the burdens of surrendering the firearms to local authorities. As I indicated to Pretrial Services Officer Assistant Tracy Amaladas, Mr. Dawson has no objection to the addition to his New York bond of a condition that he remove the firearms from his home. However, when I was contacted by Ms. Amaladas regarding the addition of such a condition to Mr. Dawson's New York bond, I was not informed that the requested condition would require surrender of the firearms to local authorities. On behalf of Mr. Dawson, I strongly object to that requirement, which is wholly unwarranted in this case.

SARAFA LAW LLC ─────────────────────────────────

Honorable Theodore H. Katz
May 11, 2007
Page 3

      For the reasons set forth herein, I respectfully request that this Court amend Mr. Dawson's conditions of release to: (1) remove the condition that he surrender his firearms to local authorities and provide proof of surrender; and (2) require simply that he "refrain from possessing a firearm, destructive device, or other dangerous weapons." I thank Your Honor for your attention to this request.

                                      Respectfully yours,

                                      Melinda Sarafa

Attachment

cc:     Peter Sobol, Esq.
        Assistant United States Attorney

        Tracy Amaladas
        U.S. Pretrial Services Officer Assistant

        Paul Kratzig, Esq.

        Vance Dawson IV

AO 199A (Rev. 3/87) Order Setting Conditions of Release                                            Page 1 of 3 Pages

# United States District Court

SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| UNITED STATES OF AMERICA | |
|---|---|
| V. | **ORDER SETTING CONDITIONS OF RELEASE** |
| VANCE DAWSON IV | |
| Defendant | CASE NUMBER: **07-MAG-483** |
| | (M-07-1685-M) |

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1)  The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2)  The defendant shall immediately advise the court, defense counsel and the U.S. attorney in writing of any change in address and telephone number.

(3)  The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear at (if blank, to be notified)_____

_____   _____
                                        Date and Time

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released provided that:

( )  (4)  The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

( )  (5)  The defendant executes an unsecured bond binding the defendant to pay the United States the sum of _____ dollars ($_____)
in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

AO 199B (Rev. 5/99) Additional Conditions of Release    07-MAG-483(M-07-1685-M) Vance Dawson IV    Page  2  of  3  Pages

**Additional Conditions of Release**

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community.
IT IS FURTHER ORDERED that the release of the defendant is subject to the conditions marked below:

( )  (6)  The defendant is placed in the custody of:
    (Name of person or organization) _____
    (Address) _____
    (City and state) _____  (Tel.No.) _____

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____  _____
                Custodian or Proxy                Date

(X) (X) The defendant shall:
- (X) (a) report to the  PRETRIAL SERVICES
         telephone number  (956) 618-8077
- (X) (b) execute a bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property: One Hundred Thousand and No/100 Dollars  ($ 100,000.00)
- (X) (c) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described  Ten Thousand and No/100 Dollars  ($10,000.00)
- ( ) (d) execute a bail bond with solvent sureties in the amount of $_____
- ( ) (e) maintain or actively seek employment.
- ( ) (f) maintain or commence an education program.
- ( ) (g) surrender any passport to: _____
- ( ) (h) obtain no passport.
- (X) (i) abide by the following restrictions on personal association, place of abode, or travel:  Defendant shall not leave the State of Texas without permission of the Court except for attorney consultations and court appearances in New York.
- ( ) (j) avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to:
- ( ) (k) undergo medical or psychiatric treatment and/or remain in an institution. The defendant will incur costs associated with such treatment, based on ability to pay as determined by the Pretrial Officer.
- ( ) (l) return to custody each (week)day as of _____ o'clock after being released each (week)day as of _____ o'clock for employment, schooling, or the following limited purpose(s):
- ( ) (m) maintain residence at a halfway house or community corrections center, as deemed necessary by the pretrial services office or supervising officer.
- (X) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
- (X) (o) refrain from  ( ___ ) any   ( XXX ) excessive   use of alcohol.
- (X) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner.
- (X) (q) submit to any method of testing required by the pretrial services office or the supervising officer for determining whether the defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant will incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the Pretrial Services Officer.
- (X)     participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the pretrial services offices or supervising officer. The defendant will incur costs associated with such drug/alcohol detection and treatment, based on ability to pay as determined by the Pretrial Services Officer.
- (X) (s) refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibit substance testing or electronic monitoring which is (are) required as a condition(s) of release.
- ( ) (t) participate in one of the following home confinement program components and abide by all the requirements of the program which ( ___ ) will or ( ___ ) will not include electronic monitoring or other location verification system. You shall pay all of part of the cost of the program based upon your ability to pay as determined by the pretrial services office or supervising officer.
    - ( ) (i) Curfew. You are restricted to your residence everyday ( ) from _____ to _____, or ( ___ ) as directed by the pretrial services office or supervising officer.
    - ( ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations.
    - ( ) (iii) Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, religious services, court appearances pre-approved by the pretrial services office or supervising officer.
- (X) (u) report as soon as possible, to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
- ( ) (v) _____
- ( ) (w) _____

AO 199C (Rev. 4/91) Advice of Penalties. . .        07-MAG-483(M-07-1685-M) Vance Dawson IV        Page 3 of 3 Pages

## Advice of Penalties and Sanctions

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

A violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of release, an order of detention, and a prosecution for contempt of court and could result in a term of imprisonment, a fine, or both.

The commission of any crime while on pretrial release may result in an additional sentence to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Federal law makes it a crime punishable by up to five years of imprisonment, and a $250,000 fine or both to intimidate or attempt to intimidate a witness, victim, juror, informant or officer of the court, or to obstruct a criminal investigation. It is also a crime punishable by up to ten years of imprisonment, a $250,000 fine or both, to tamper with a witness, victim or informant, or to retaliate against a witness, victim or informant, or to threaten or attempt to do so.

If after release, you knowingly fail to appear as required by the conditions of release, or to surrender for the service of sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, you shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, you shall be fined not more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony, you shall be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor, you shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be in addition to the sentence for any other offense. In addition, a failure to appear may result in the forfeiture of any bond posted.

## Acknowledgment of Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Signature of Defendant

_____
Address

Gregory, Texas 78359
City and State                                    Telephone

## Directions to United States Marshal

(XX) The defendant is ORDERED released after processing.
(  )  The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: ___April 4, 2007___                _____
                                          Signature of Judicial Officer

                                          Peter E. Ormsby, U.S. MAGISTRATE JUDGE
                                          Name and Title of Judicial Officer